IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUSLAN LEBEDEV, | ) | FILED: AUGUST 8, 2008 |
| | ) | 08CV4484 |
| Plaintiff | ) | JUDGE KOCORAS |
| v.s. | ) No.: | MAGISTRATE JUDGE KEYS |
| | ) | |
| RYOBI TECHNOLOGIES, INC., ONE | ) | |
| WORLD TECHNOLOGIES, INC. and | ) | JFB |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Ruslan Lebedev, by the undersigned attorneys, Law Offices of F. John Cushing III, P.C., as and for his complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by defendants Ryobi Technologies, Inc. ("Ryobi"), One World Technologies, Inc. ("One World") and sold by defendant Home Depot USA, Inc. ("Home Depot").

### PARTIES

2. Plaintiff, Ruslan Lebedev ("Lebedev") is an individual who resides at 5217 Hollyhock court, Gurnee, Illinois.

3. Upon information and belief, Ryobi is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, SC. Upon information and belief, Ryobi is a subsidiary of Ryobi Limited, a Japanese corporation that sells power tools worldwide.

1

4.  Upon information and belief One World is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is affiliated with Ryobi and manufactures, distributes and sells power tools under the Ryobi name.

5.  Upon information and belief, Home Depot is a Delaware corporation maintaining a place of business at 2050 N. Illinois Route 83, Round Lake Beach, Lake County, Illinois. Home Depot's principal place of business is located at 2455 Paces Ferry Road, Atlanta, Georgia. Home Depot has named Illinois corporation Servin C, 801 Adlai Stevenson Drive, Springford, IL 62703, as its registered agent for service of process in the Commonwealth.

## JURISDICTION & VENUE

6.  This Court has subject matter jurisdiction over this matter as the Plaintiff is a citizen of the State of Illinois and the Defendants are corporations incorporated under the laws of the State of Delaware having their principal places of business in States other than the State of Illinois. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7.  This Court has personal jurisdiction over Ryobi and One World because Plaintiff's claims arise from Ryobi and One World's:

    a. transacting business in the State of Illinois;

    b. contracting to supply services or things in the State of Illinois;

    c. causing tortious injury by an act or omission in the State of Illinois; and/or

    d. causing tortious injury in the State of Illinois by an act or omission outside of the State of Illinois and regularly doing and soliciting business and engaging in other

persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the State of Illinois.

8. This Court also has personal jurisdiction over Defendant Home Depot USA, Inc. because Home Depot is authorized to do business, and is doing business, in the State of Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and pursuant to 28 U.S.C. § 1391 (c) all defendants reside in this District as that term is defined in 28 U.S.C. § 1391 (c).

## THE FACTS

10. In 2007 Ryobi and One World, were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of a 10-inch portable table saw, Model BTS10, Serial No. XX062884658, (hereinafter the "Ryobi Saw") and had distributed, supplied and/or sold the Ryobi Saw in Illinois.

11. At some time prior to June 10, 2007, Ryobi and One World, distributed, supplied and/or sold the Ryobi Saw to Home Depot to be sold at a retail outlet in Illinois.

12. At some time prior to June 10, 2007, Home Depot distributed, supplied and/or sold the subject machine to Stanislav Antropov, a friend of the Plaintiff, Ruslan Lebedev.

13. On or about June 10, 2007, Plaintiff, while doing work for his friend Stanislaw Antropov, was operating the subject Ryobi Saw at 1337 Eastwood Avenue, Highland Park Illinois with all due care when the Ryobi Saw injured Plaintiff.

14. The Defendants, as manufacturers of power saws, have failed to utilize available safer technology in their saws. For years there has been for example, available technology that

|     | |
| --- | --- |
|     | would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by plaintiff. |
| 15. | Specifically, in or around November, 2000, at a meeting of the Power Tool Institute, Inc., ("PTI"), of which Defendants were members, Defendants were made aware of technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly. |
| 16. | At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to Defendants through a licensing agreement. The technology would have been appropriate for use on the Subject Saw. |
| 17. | Defendants failed to pursue licensing and use of this available safer technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh. |
| 18. | To date, none of the table saws manufactured by Defendants incorporate the flesh detection and braking, or other comparable safety technology. |
| 19. | The Ryobi Saw does not incorporate the flesh detection and braking technology, or other comparable safety technology. |

## COUNT I
**(Negligence Against Defendants Ryobi and One World)**

| | |
| --- | --- |
| 20. | Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 19 and incorporates each as if fully set forth herein. |
| 21. | Ryobi and One World were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Rigid Saw and were negligent with |

respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

22. As the direct and proximate result of Ryobi's and One World's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II
### (Strict Liability Against Defendants Ryobi and One World)

23. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 22 and incorporates each as if fully set forth herein.

24. Ryobi and/or One World placed the table saw that injure Plaintiff on the market, knowing that it would be used without inspection for defect.

25. The table saw that was placed on the market by Ryobi and One World and which injured the Plaintiff, was defective.

26. The defect in the table saw which caused the Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury, great pain of body and mind, required extensive hospital and medical care and treatment, medical expenses, lost time form work; and impaired his ability to engage in normal and usual activities.

## COUNT III
### (Implied Warranty Against Defendants Ryobi and One World)

27. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 26 and incorporates each as if fully set forth herein.

28. Ryobi and One World impliedly warranted, pursuant to 810 ILCS 5/2-314 to Plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. Ryobi and One World are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Ryobi and One World. Ryobi and One World therefore breached these warranties to Plaintiff.

29. As the direct and proximate result of Ryobi and One World's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT IV
**(Negligence Against Defendant Home Depot)**

30. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 29 and incorporates each as if fully set forth herein.

31. Home Depot was negligent with respect to the testing, inspecting, distributing and selling of the Rigid Saw and was negligent with respect to equipping the Rigid Saw with adequate safeguards, warnings and/or instructions.

32. As the direct and proximate result of Home Depot's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses,

lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT V
### (Strict Liability Against Defendant Home Depot)

33. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 32 and incorporates each as if fully set forth herein.

34. Home Depot placed the table saw that injure Plaintiff on the market, knowing that it would be used without inspection for defect.

35. The table saw that was placed on the market by Home Depot and which injured the Plaintiff, was defective.

36. The defect in the table saw which caused the Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury, great pain of body and mind, required extensive hospital and medical care and treatment, medical expenses, lost time form work; and impaired his ability to engage in normal and usual activities.

## COUNT VI
### (Implied Warranty Against Defendant Home Depot)

37. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 36 and incorporates each as if fully set forth herein.

38. Home Depot impliedly warranted, pursuant to 810 ILCS 5/2-314 to Plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. Home Depot is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe

7

and fit as warranted by Home Depot. Home Depot therefore breached these warranties to Plaintiff.

39. As the direct and proximate result of Home Depot's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

**WHEREFORE,** Plaintiff demands judgment against Defendants, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY**

Respectfully submitted,
BRANDON STOLLINGS
By his Attorney,

**LAW OFFICES OF F. JOHN CUSHING III, P.C.**

s/Michael M. Cushing/
Michael M. Cushing
F. John Cushing III
29 S. LaSalle, Suite 240
Chicago, IL 60603
(312) 726-2323
mcushing@cushinglaw.com
jcushing@cushinglaw.com

Co-Counsel
Michael Kralovec
Kralovec Meenan LLP
53 W. Jackson, Suite 1102
Chicago, IL 60604
(312) 788-1111
mkralovec@nlklaw.com

Dated: August 8, 2008