RRM/JWB/MMS/mm                    8440-8003

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RUSLAN LEBEDEV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   08-cv-4484 |
| ) | Judge Kocoras |
| RYOBI TECHNOLOGIES, INC., ONE ) | |
| WORLD TECHNOLOGIES, INC. and ) | |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., by and through their attorneys, JOHNSON & BELL, LTD., and for their Answer to Plaintiff's Complaint at Law, state as follows:

#### Preliminary Statement

1. Defendants deny that any of plaintiff's damages were caused by any conduct of the defendants or any defects in a product sold by the defendants.

#### Parties

2. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 2 and demand strict proof thereof.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendant One World admits that it is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina and

Doc. No. 1922157

that it distributes and sells power tools under the Ryobi brand. Further answering, the defendants state that the remaining allegations are too vague to permit the defendants to respond.

5.  Defendants admit the allegations contained in paragraph 5.

## Jurisdiction and Venue

6.  Paragraph 6 states legal conclusions to which the defendants are not required to respond.

7.  Paragraph 7 states legal conclusions to which the defendants are not required to respond.

8.  Paragraph 8 states legal conclusions to which the defendants are not required to respond.

9.  Paragraph 9 states legal conclusions to which the defendants are not required to respond.

## The Facts

10.  The Defendants have insufficient knowledge, until said product can be examined, to admit or deny the allegations contained in paragraph 10 and therefore deny same.

11.  The defendants have insufficient knowledge, until said product can be examined, to admit or deny the allegations contained in paragraph 11 and therefore deny same.

12.  Defendants have insufficient knowledge, until said product can be examined, to admit or deny the allegations contained in paragraph 12 and therefore deny same.

13. Defendants have insufficient knowledge as to the allegations contained in paragraph 13 and thereof deny same.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants Ryobi and One World admit that at some point in time they were made aware of an invention called "SawStop," but deny the remaining allegations contained in paragraph 15. Further answering, Home Depot denies the allegations contained in paragraph 15.

16. Defendants Ryobi and One World admit that at some point they entered into discussions with the inventor of SawStop concerning a licensing of the SawStop technology, but that for various reasons no agreement could be reached; and further answering, One World and Ryobi deny the allegations contained in paragraph 16. Home Depot denies the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants Ryobi and One World admit that their table saws do not incorporate a "flesh detection" device, but deny the remaining allegations contained in paragraph 18. Further answering, the defendant Home Depot denies the allegations contained in paragraph 18.

19. Defendants Ryobi and One World admit that the table saw does not incorporate a "flesh detection" device, but deny the remaining allegations contained in paragraph 19. Further answering, the defendant Home Depot denies the allegations contained in paragraph 19.

## Count I
### (Negligence Against Defendants Ryobi and One World)

20. Defendants repeat and reallege their answers to paragraphs 1-19 as and for

their answer to paragraph 20 of Count I as if fully set forth herein.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

### Count II
### (Strict Liability Against Ryobi and One World)

23. Defendants repeat and reallege their answers to paragraphs 1-22 as and for their answers to paragraph 23 of Count II, as if fully set forth herein.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

### Count III
### (Implied Warranty Against Ryobi and One World)

27. Defendants Ryobi and One World repeat and reallege their answers to paragraphs 1-26 as and for their answers to paragraph 27 of Count III, as if fully set forth herein.

28. Defendants Ryobi and One World deny the allegations contained in paragraph 28.

29. Defendants Ryobi and One World deny the allegations contained in paragraph 29.

### Count IV
### (Negligence Against Home Depot)

30. Defendant Home Depot repeats and realleges its answers to paragraphs 1-29 as and for its answers to paragraph 30 of Count IV, as if fully set forth herein.

31. Defendant Home Depot denies the allegations contained in paragraph 31.

32. Defendant Home Depot denies the allegations contained in paragraph 32

## Count V
### (Strict Liability Against Defendant Home Depot).

33. Defendant Home Depot repeats and realleges its answers to paragraphs 1-32 as and for its answers to paragraph 33 of Count V, as if fully set forth herein.

34. Defendant Home Depot denies the allegations contained in paragraph 34.

35. Defendant Home Depot denies the allegations contained in paragraph 35.

36. Defendant Home Depot denies the allegations contained in paragraph 36.

## COUNT VI
### (Implied Warranty Against Defendant Home Depot)

37. Defendant Home Depot repeats and realleges its answers to paragraphs 1-36 as and for its answers to paragraph 37 of Count VI, as if fully set forth herein.

38. Defendant Home Depot denies the allegations contained in paragraph 38.

39. Defendant Home Depot denies the allegations contained in paragraph 39.

**WHEREFORE**, defendants deny that plaintiff is entitled to judgment in any amount and pray that this cause be dismissed with prejudice and with costs and for such other relief as the court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Plaintiff's Complaint are barred by the applicable Statute of Limitations and applicable Statutes of Repose.

### THIRD AFFIRMATIVE DEFENSE

Doc. No. 1922157                                            5

Plaintiff's Complaint is barred by the equitable doctrines of laches, waiver, estoppel, accord and satisfaction and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The sole proximate cause of injuries and plaintiff's damages were plaintiff's own actions, negligence and/or comparative fault.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff, Ruslan Lebedev, lacks legal standing/capacity to assert the claims asserted in the Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

There is no causal relationship between the allegations asserted in the Plaintiff's Complaint and Ruslan Lebedev's alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by third parties over whom Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc., had no control or any right to control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the plaintiff's assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff or others misused, altered, changed or modified the subject product and this misuse, alteration, change or modification was the proximate and/or contributing cause of the plaintiff's damages, if any.

### TENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiff were caused by the sole or contributing wrongful or negligent acts, omissions, or breaches of express or implied warranties on the part of the plaintiff and/or other parties, and not by any act, omission or breach of warranty by these defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Without relieving the plaintiff of his burden of proof of establishing his injuries or damages, if any, any damages sustained by the plaintiff was proximately caused or contributed to by the intervening or superseding intentional conduct or negligence of third-parties that the plaintiff has not named in this action.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff failed to give proper and prompt notice of any alleged breach of warranty to these answering defendants and, accordingly, any claims based on breach of warranty are barred.

**WHEREFORE,** Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc., respectfully requests that this Court enter a judgment dismissing Plaintiff's Complaint in its entirety with prejudice, awarding it costs of suit, attorneys' fees and respectfully requests such other and further relief which the Court deems just and proper.

### JURY DEMAND

Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc., hereby request trial by jury on all counts included herein for all issues triable thereto.

Dated: August 21, 2008 at Chicago, Illinois

Respectfully submitted,

JOHNSON & BELL, LTD.

/s/ John W. Bell
Attorneys for defendants Ryobi Technologies, Inc., One World Technologies, Inc. and Home Depot U.S.A., Inc.

John W. Bell ARDC No. 0161934
Robert R. McNamara ARDC No. 6194965
Meghan M. Sciortino ARDC No. 6287341
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Fax: (312) 372-9818
E-mail: Mcnamarar@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ John W. Bell
Attorneys for defendants Ryobi Technologies, Inc., One World Technologies, Inc. and Home Depot U.S.A., Inc.

John W. Bell ARDC No. 0161934
Robert R. McNamara ARDC No. 6194965
Meghan M. Sciortino ARDC No. 6287341
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Fax: (312) 372-9818
E-mail: Mcnamarar@jbltd.com